Case No. 14-6543 U.S.A. v. Jason Brown and Case No. 14-6544 U.S.A. v. Jason Brown Oral arguments not to exceed 15 minutes per side Mr. Carlson, supervising attorney, Mr. Schammel, for the appellate Good morning, your honors, and may it please the court Kevin Carlson, counsel of record for appellant Jason Brown I work with the University of Michigan Federal Appellate Litigation Clinic and I'm here to introduce University of Michigan Law student Luke Schammel who will argue this appeal on behalf of our client, Jason Brown Thank you Good morning, may it please the court My name is Luke Schammel, I represent the appellant, Jason Brown I'd like to reserve three minutes for rebuttal, please Fine This is a case about a trial plan designed to evade the Speedy Trial Act Mr. Brown recognized this evasion and did everything he could to assert his rights but he was helpless without his attorney Despite a clear Speedy Trial Act violation and these repeated assertions Mr. Brown's trial counsel did not file a motion to dismiss This failure to file a motion to dismiss constituted ineffective assistance of counsel and this issue is what I would like to focus my argument on today This failure to file a motion was both objectively unreasonable and it harmed Mr. Brown The government was right to point out that Mr. Brown's objections to the Speedy Trial Plan before the 70 day trial, before the 70 day clock expired was insufficient to assert the Speedy Trial Act violation But that's exactly the point Mr. Brown's trial counsel needed to file a motion to dismiss It was a clearly expressed desire and a legally valid desire of his client and he did nothing to preserve that right This case is almost identical to this court's prior case in U.S. v. Crane The only difference between this case and Crane is that in Crane Crane's counsel was not objectively unreasonable and filed a motion to dismiss Let me ask you this, even if there's a stop and stop plan for when the trial commenced and the adjournment with the trial to resume past the 70 day cutoff for speedy trial purposes even if these facts indicate that there was a Speedy Trial Act violation what about the problem presented by when the motion was made or not made to the effect that there was a Speedy Trial Act violation If the requirement was to make the motion after the 70 day cutoff and that wasn't done here Are you saying that the ineffective assistance of counsel solves that problem that the motion wasn't made at the appropriate time? Your Honor, the failure to file a motion is what we're claiming is objectively unreasonable performance which constitutes ineffective assistance of counsel which would allow this court to reverse and remand so that the lower court can at minimum decide whether or not there was a Speedy Trial Act violation in the first instance This whole thing gets very confusing going down the IAC path You're saying that by not filing the motion to dismiss on speedy trial grounds after the 70 day deadline, there's IAC Doesn't that depend on whether filing the motion if it had been done would succeed on the merits? In other words, don't we have to get to the merits of whether there really was a Speedy Trial Act violation? Almost, Your Honor I think we can get to the merits on that I think that we can conclude based on the record that it's very clear there was a Speedy Trial Act violation But don't we have to do that because if there wasn't a Speedy Trial Act violation so what, the counsel didn't file the motion to dismiss? All we need to show is that there was a reasonable probability that the motion would have been granted So even if there was a disagreement or any sort of hesitation that there was a violation, which we do not claim there actually is any that there's really any room for a disagreement on that But even if there is a disagreement on that all this court needs to hold is that there is a reasonable probability that that motion would have succeeded Okay, so looking at the merits of the Speedy Trial Act violation the district judge seems to think that the supposed unavailability of Phillips was enough to warrant delaying the actual trial until September 22nd, past the 70-day cutoff Why shouldn't we defer to that finding of the district judge that there was a reasonable reason for saying Phillips was unavailable? Two reasons, Your Honor First is that the witness, Mr. Phillips, was not unavailable per the Speedy Trial Act's requirements The Speedy Trial Act requires that for a witness to be unavailable he has to either refuse to appear or be unable to be attained by due diligence of the government The government did not exercise its due diligence and even explained that it was at least partly its own fault that the witness was not able to attend on a scheduled trial date because he waited until less than a week before the start of trial to contact the witness and realize that there was a scheduling conflict The scheduling conflict was a mere inconvenience which, again, the government stated in its brief this was a convenience the government said it was an inconvenience to the witness but never stated or claimed in any way that the witness could not or would not attend trial on the date Did the district judge make a factual finding that we would need to say was clear error on that score? That the witness was unavailable pursuant to the requirements of the Speedy Trial Act? Yes, Your Honor I think that it's quite clear that that was erroneous and that it does not meet the standards of the Speedy Trial Act Nowhere does the government claim or does the witness at all claim himself that he would not or could not Because the witness was going to go to a training session it seems really an odd precedence that a training session would take precedence over a session of court Exactly, Your Honor The training session does not trump Mr. Brown's Speedy Trial Act rights especially when any conflict that would have occurred based on this training was based on the government spending over two weeks so three weeks before they started trial the government knew of the trial date and waited two weeks before it contacted the witness to see about the actual trial date and the witness actually said that he had training on the first and third day of trial never said he couldn't be there on the second day and the court even initially proposed several options to allow the witness to be there to accommodate the court tried to accommodate with the original trial schedule but the witness still was not unavailable for the Speedy Trial Act and training is insufficient reason to trump Mr. Brown's Speedy Trial Act Aside from that, didn't the district court state that he granted this two week delay because both counsel were not available Yes, Your Honor Why wouldn't that meet an ends of justice justification of stopping the clock That's actually the second point to Judge Moore's first question which is the court on the record very clearly stated on September 3rd in the pre-trial teleconference that it was provisionally granting the motion based on the reasons stated in the government's motion because the witness was unavailable as I have just argued the witness was not unavailable for the statute and at that time when the motion was being granted the government and the court did not state that unavailable attorneys was the reason for the continuance It did not mention that unavailable attorneys was the reason for the continuance until September 8th that's the first time it mentioned unavailable attorneys as a reason for the continuance and then on September 10th when it corrected the dates that it originally had in the minutes it said that this continuance was because of unavailable attorneys and was essentially retroactively stating that this was the ends of justice continuance but that's precisely what the trial court cannot do under Crane and under Richmond the court cannot retroactively devise reasons for an ends of justice continuance an ends of justice continuance has to be granted for the reasons that it for an ends of justice continuance that it creates excludable time has to be granted I think what's prohibited is the district court can't come up with pretextual arguments to justify something but why is this pretextual? I mean in fact one attorney's child was going to have an operation on the day of the 15th I think and the other counsel had another case in state court scheduled the next day those aren't pretextual or made up reasons are they? No your honor they're not made up reasons why there's an inconvenience but those are not sufficient reasons to trump Mr. Brown's speedy trial act rights again and again in Crane what the court can't do is grant a continuance for one reason and then later say that the continuance creates excludable time for a different reason and that's what the court does here because otherwise what the court would be able to do is anytime a speedy trial act violation is brought up by the defendant the court can then retroactively create an ends of justice continuance and that's what the court is not allowed to do I gather you're familiar I assume with this case of United States v. Scherer S-H-E-R-E-R 6th Circuit 2014 where it says look you have to file your speedy trial act violation prior to you can't file it prior to the end of the 70 days you have to file it 71 days or later and you concede your client didn't do that because your lawyer didn't do it so based on Scherer you're out the window if you don't have this ineffective assistance to counsel claim would you agree to that? Yes your honor but only to an extent because the court was designing a plan that was making it so that Mr. Brown could not assert speedy trial why couldn't he? because if the court is right that voir dire stopped the clock what the court did was move voir dire in order to stop the clock okay so you're claiming the voir dire didn't stop the clock yes your honor under Crane that's exactly what Crane says voir dire does not stop the clock when it's moved only to stop the clock so you why couldn't you make the motion after the 70 days expired under your theory i.e. after I think it was September 15th they could have your honor and that's why it was objectively unreasonable for counsel not to file that motion it's a dispositive motion there's absolutely no sound trial strategy for not filing that motion okay I thought you had an argument that on the merits you did everything that you could and should have done and therefore you should win on the Speedy Trial Act claim on the merits but if you don't win then you use the IAC claim are you relying entirely on IAC at this point that's our primary argument your honor yes the question is is it the entirety of your argument or do you have an argument that Scherer is inapplicable here and you did everything you could and therefore we should decide on the merits of the Speedy Trial Act claim and you could win on that basis in the alternative your honor yes I think that this court could construe Scherer to actually support a Speedy Trial Act how because the court held voir dire on the 8th and if the court thinks that it started trial on the 8th with a plan that was violating the Speedy Trial by just doing a false start then the objection in court on the 8th was the last available time to make a clear objection and the court ruled in that objection that's what my question was why couldn't you I know you weren't the one but why couldn't your client's lawyer at the time have reiterated the Speedy Trial Act claim or made the Speedy Trial Act claim on day 71 under the counting that the defendant wants to use he should have your honor and that is why our primary argument is ineffective because it's counsel it was a clear violation it was a simple motion that clear case precedent in this court supports had he filed a motion this case would be indistinguishable from Crane and it would have been dismissed at the time or clearly dismissed on appeal I see the time is up your honor thank you let me ask you one thing is your argument that the record is so clear regarding the ineffective assistance of counsel claim that we should recognize that claim and acknowledge it without awaiting a habeas proceeding to take up the matter of the claim that this is an unusual enough case where it's clear on the record on direct appeal that we should conclude that there was ineffective assistance of counsel without deferring the matter to a later consideration by a habeas court yes your honor the record is clear and fully developed on this issue and as I said earlier the facts make this case virtually indistinguishable from Crane and Crane was sufficient to rule on this issue of speedy trial violation and that the speedy trial violation constitutes subject to unreasonable performance so I think the record is fully developed and clear on this issue alright thank you thank you your honor may I please the court my name is Neeraj Gupta for the United States I'd like to just if I can make one point that addresses some of the questions that were asked and that's a point about the facts the trial began on September 8th that was when jury selection took place the 70 day clock ended on September 15th and the trial was continued until September 22nd that's September 8th September 15th and September 22nd this issue of whether the witness was available or whether the witness was necessary or essential was that first week September 8th through September 15th that's within the 70 day period and therefore any continuance or extension or exclusion during that period was not an exclusion under the Speedy Trial Act it was within the 70 days as part of the trial court scheduling it was the September 15th until September 22nd that extended or continued the 70 days and that was where the district court needed to find an exclusion under the Speedy Trial Act but you have this crane in Richmond cases to say that the start and stop plans that might be at odds with the Speedy Trial Act can be violated by violating the spirit of the Speedy Trial Act and that would seem to apply here when the only purpose of the voir dire was to as a subterfuge to evade the purpose of the Speedy Trial Act we cite those cases as well and it is true that the voir dire can't be used to evade the Speedy Trial Act and then you've got the record that seems to show that the defendant did not agree with his lawyers attempt to waive his rights under the Speedy Trial Act you would acknowledge that what's on the record in the court below was that the defendant didn't agree with his lawyers efforts to relinquish his rights under the Speedy Trial Act so those are two separate questions I think I'm really presenting a compound question so if you want to address them separately that would be fine the second question and I think it's raised for the first time or at least most sharply on Mr. Brown's reply brief which is that his counsel was ineffective because he did not obey his wishes of objecting or moving to dismiss is that the question? that is why counsel was ineffective it was objectively unreasonable for agreeing to these extensions of time and not putting on the record his objections to the these adjournments that the district judge was granting right so that's a different question than I thought you were asking so I'll answer that well you reframed the question so I had to reframe I want to answer your question and I'll try to here the the record is clearer than I think was portrayed and we can talk about the key documents to read but on the September 3rd teleconference and the September 4th teleconference it's all of these issues are raised and discussed about counsel's unavailability during the week of September 15th to September 22nd and therefore it was clear to everybody that that was an excludable period under the Speedy Trial Act and then I don't know that that's clear to me so you may want to go down that later on good the parties on the telephone they discussed that and then I would point you to one conversation in the September 4th teleconference where the judge says we're going to start this proceeding on September 8th and then recess until September 22nd and ask the defense attorney would your client have any objection to that and there was discussion of the Speedy Trial Act and the 70 days that was the context of the question and the defense attorney he didn't think his client would have any objection but his client wasn't present and then the lawyer comes back the next day and said his client did object so that's the confusing part about the docket the dates in the docket are a little bit misnumbered but the September you're discussing the September 3rd teleconference where one scheduling plan was discussed which was to continue the entire trial until September 22nd and that was never actually done that was the first telephone conversation in which these scheduling issues came up the judge had not calculated the 70 days no decision was made it was just a general discussion but on September 4th when this decision was made to start so that was September 3rd that I just described was the first conversation the next day there was a teleconference September 4th and at that conference that was when the judge decided to start the trial on September 8th and then recess until September 22nd he asked the defense attorney would your client have any objection to that the defense attorney said he couldn't he couldn't possibly because the trial is starting on September 8th which is within the 70 days and what is your point that this is a binding commitment by the defense attorney at that time that the defendant cannot get out of is that the point or is there some other point that you're making my point was that this wasn't ineffective for the defense attorney not to object or move to dismiss because a there was no violation there's no violation if you're accepting the premise that's having the voir dire on September 8th starts the trial and that a district judge can delay two weeks for reasons that are totally questionable I'm going to put a value judgment on it because of the training of a government witness and because of the statements by defense and government counsel that it's really inconvenient for them to show up before the September 15th deadline I would agree with all of that except for the final part which is even laden with the value judgments you embedded which of the final part which is remember that there's a difference in those two weeks those two weeks are not interchangeable the first week was within the 70 days the second week was outside of the 70 days and it wasn't that it was inconvenient to counsel between September 15th and September 22nd and that was one of the comments I wanted to make there were findings on September 3rd in the teleconference and September 4th in the teleconference and September 8th in the pretrial conference and then in September 10th in that written order that counsel was unavailable that September 15th until September 22nd week and if I'm confusing you with dates please let me clarify. So we can get into quibbling about the facts of that and if it's a factual matter and if there are findings we defer to the district judge under the clearly erroneous standard but I guess I think we're getting off the basic point that your opponent is making that either there is IAC on the part of the defense counsel for failing to object properly or the alternative argument would be that the defense counsel did actually not waive under the Scherer case did not waive and objected sufficiently to preserve the speedy trial violation claim and that his client  speedy trial violation claim. So if you could get to the sort of guts and the merits of this why shouldn't your opponent win on one of those two alternative arguments that there was IAC or on the merits there was a speedy trial violation. Right. That does seem to put the defendant in the bind except that here the facts are that those aren't the only two possibilities that there was a waiver or an ineffective assistance because there was no violation of the speedy trial act You're saying on the merits there is no speedy trial violation That's correct That's correct I'm a little worried about because he, the posture of this case is that it's an ineffective assistance of counsel claim because the speedy trial act rights were waived by not moving to dismiss so given that it's an ineffective assistance of counsel claim what we need to analyze is was this an unreasonable decision and would it have made a difference and it was not an unreasonable decision not to move to dismiss because there was no speedy trial act violation Let me ask you this isn't our case factually distinguishable from the Shurer case in that we have in our case this disagreement that's on the record between the defense lawyer and his client as to enforcing his speedy trial rights and objecting to any relinquishment of his rights and you don't really have that in the Shurer case That may be factually different. I don't know that that's relevant What Shurer says is it clarifies the statute 3162A2 Well it says what the statute says but we already know what the statute says but we have additional factual development in our case regarding the circumstances of applying and enforcing the statute itself which would seem to differentiate our case factually from the facts in Shurer I don't think it is a relevant difference What Shurer says is that the motion to dismiss needs to be made It says what 3162A2 says but it just clarifies it. The motion to dismiss needs to be made and it's completely logical when you think about the facts I mean the defendant wants his speedy trial rights asserted the record below would seem to indicate that but if he if his lawyer doesn't do that and doesn't make the appropriate motion on the 7th day or the 71st day that's something his lawyer is supposed to do for him the client doesn't necessarily know on what date the motion is to be filed does he? That's an argument I wanted to make before but I thought you weren't asking that question which is that it's not ineffective for the lawyer not to make a frivolous motion just because the defendant might want the lawyer to make a motion or make an objection it's not ineffective Why would the motion be frivolous when the defense lawyer is begrudgingly admitting that his client doesn't necessarily agree with the delays that the district judge is imposing Well it would have been frivolous because the trial began for two reasons two separate reasons the trial began on September 8th which was one week before the 70 days ended on September 15th and because the 70 days themselves were extended in this belt and suspenders redundant abundance of caution approach that the trial judge took that 70 days was also extended until September 22nd which is for one reason only which is the unavailability of counsel and again the record on that is clear on the September 4th teleconference the September 8th pretrial conference and the September 10th order and it was initially discussed in that September 3rd teleconference before I sit down I want to give you those record numbers and a point that I've been circling around that I'm not sure if you're asking is the cases are clear for ineffective assistance that the defendant the defendant has the right to make his lawyer do four things waive a jury trial have him testify, make a plea or make an appeal just because the defendant wanted his lawyer to make a motion or make an objection doesn't de facto or necessarily make the lawyer ineffective the case is Wainwright the record reflects that the lawyer made clear that he disagreed with his client that he disagreed with his clients wanting to assert these speeded trial rights at various points in the discussions with the court and opposing counsel the lawyer was sympathetic to his client's desire to make an objection he thought his client was being reasonable to some extent his client was wrong and the defense lawyer acknowledged that in the September 4th teleconference and then didn't disagree at the September 8th pretrial conference the judge why was the client wrong in saying there was going to be a speedy trial violation if the trial didn't occur by September 8th or whatever the 15th well initially the client would not have been wrong but on the September 4th teleconference the judge said I'm going to start the trial on September 8th and then I'm going to have a recess until September 22nd and I'm going to extend between September 15th and September 22nd the 70 days because under ends of justice exclusion because of unavailability of counsel and I would like to address another thing what is your government's position is share controlling or not controlling in this case well it's a two step process one was this speedy trial right waived because the motion to dismiss was not made before the 70 days ended or after the 70 days ended before the trial began so here the motion to dismiss would have had to have been made before September 8th or as you pointed out before September 22nd it wasn't so it's waived so the analysis is was it ineffective assistance not to make that motion but aren't you arguing out of two sides of your mouth to say well the trial started on September 8th when the jury was picked but you had to have made the motion to dismiss after 70 days which was after September 15th I think we've disagreed on that before it's not it isn't it isn't either or because there was no violation that presumes that there must be some remedy to a violation the defendant must have a remedy to the violation either they must be able to make the objection or they must be able to claim an effective assistance but there's a third possibility which is that there was no violation at all in which case it makes perfect sense that under the rules of 3161 and 3162 there's no objection to be made because the 70 days hadn't ended yet and the trial had begun on September 8th Wouldn't your position then allow the district judge hypothetically to delay trial for a year after picking the jury? Well the cases address that and the briefs address that which is that all but they don't address it directly with a rule or a test and what they say is that the trial begins when the jury selection or voir dire takes place and then it can be extended but not indefinitely and what they some principle that limits how long the district judge can delay having the remaining parts of the trial i.e. everything except for voir dire occur That's right. We cite the case Staten S-T-A-Y-T-O-N which says that a 23 month recess is too long. Here there was a two week or a one week recess depending on how you think about it and your red light is on so you should come to conclusion in your answer to my question and then if either of the points up. Okay the point in the Staten case that was made was that the recess must be justified under the Speedy Trial Act. That the Speedy Trial that just because a district court starts the voir dire, the jury selection doesn't immunize them from any Speedy Trial Act claims. Any recess must take place within the Speedy Trial Act. Any further questions? Thanks very much. Alright I think the government's essentially begging the question with claiming that voir dire stopped the clock therefore no ineffective sits at the council. By stating that it's essentially removing any possibility for a later motion which is exactly what in Crane the court can't do when the delay is not justifiable under the Speedy Trial Act. The delay from September 8th to September 22nd was not excludable time under the Speedy Trial Act. We're only talking about from the 15th to the 22nd because up to the 15th it's not a violation of the Speedy Trial Act. Yes your honor but when the court granted the motion on September 3rd and then altered the motion on September 4th the reason was never for unavailable attorneys. The reason was stated for unavailable witness. On September 3rd before the court knew when the Speedy Trial would, Speedy Trial Clock would expire it granted the motion to the 22nd. On the 4th when it realized that the 15th was going to be the expiration of the Speedy Trial Clock its solution was to move only voir dire. And the court then explicitly stated on the record that it moved voir dire because of the Speedy Trial Act assertion by Mr. Brown. That is precisely what Crane says the court cannot do. That is paying the Speedy Trial Act lip service to quote Richmond and Young. That is impermissible. The government contends that the witness continuance was to the 15th and then afterwards was unavailable witness but that's not what the court said initially and the court's initial grant of the continuance has to be the reasons that it later grants an ends of justice continuance. It changes reasons in order to try to satisfy the Speedy Trial Act and that's not permissible. But what also the court and the government never addresses is that even if the attorneys weren't available on the 15th and the 16th, which they were available the court never presents a reason why the court couldn't, why the case couldn't have been held on the 17th the 18th or the 19th. The 17th and the 18th. Wouldn't those violate the Speedy Trial Act too? Yes. That violates the Speedy Trial Act. Why should we fault the court for not violating the Speedy Trial Act a little bit less? I'm not sure I understand your question. You're seeming to say well they could have had the trial on the 17th or 18th but that still would have violated the Speedy Trial Act, right? Yes, it would have. My argument is though is that in the alternative if the government, if this court thinks that maybe the court had a good reason for the 15th and the 16th the court has no reason for the 17th, 18th, and 19th. The only reason the court states in the record that 17th, 18th, and 19th weren't going to work was that it had congested calendar, which is explicitly prohibited from under the statute as time that can be excluded. That is time that is not excludable. There is no reason to delay for the 17th, 18th, and 19th. And we do argue that the 15th, I see my time's up but can I finish answering? Please. But the 15th and 16th were reasons that were post hoc reasons after the court realized that its continuance violated the Speedy Trial Act. Thank you, Your Honors. Thank you both for your argument. We want to thank in particular the law student who represented Mr. Brown. You did an excellent job as your law school clinic always does and we appreciate your service under the Criminal Justice Act. We appreciate the argument of the United States as well. It's a very interesting case, very difficult case, and we will have the case submitted and render a decision in due course. But we thank you both for your argument and the case will be submitted.